```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION
```

SANDRA CARPENTER                                              PLAINTIFF

v.                       Case No. 2:10-CV-02025

RHEEM MANUFACTURING COMPANY                                   DEFENDANT

**O R D E R**

Currently before the Court is Plaintiff's Motion to Substitute Party (Doc. 19). Shannon L. Gould, Special Administrator for the Estate of Sandra Carpenter, filed a suggestion of death (Doc. 18) pursuant to Fed. R. Civ. P. 25(a)(1) on March 10, 2011 giving notice that Plaintiff Carpenter died on February 13, 2011. The Motion to Substitute Party was timely filed on the same day. Defendants have advised the Court that they have no objections to the Motion.

Rule 25 of the Federal Rules of Civil Procedure, not Arkansas law, governs the substitution of parties in actions based upon federal law. *See Downie v. Pritchard,* 309 F.2d 634 (8th Cir. 1962). The general federal common law rule is that claims that are not penal in nature survive the death of the aggrieved party, while those that are penal in nature do not. *Hanson v. Atlantic Research Corp.*, 2003 LEXIS 2285 (E.D. Ark. 2003) (citations omitted). Claims brought under Title VII or the ADEA may survive the death of an aggrieved party, exclusive of any claims for punitive damages. *See id.* (E.D. Ark. 2003) (finding that plaintiff's ADEA and ADA claims

would survive plaintiff's death, except for any claims for liquidated or punitive damages) (citing *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996); *Caraballo v. South Stevedoring, Inc.*, 932 F. Supp. 1462, 1466 (S.D. Fla. 1996)). Therefore, Plaintiff's federal claims of sex discrimination brought under Title VII of the Civil Rights Act of 1964 and of age discrimnation brought under the Age Discrimination in Employment Act ("ADEA") survive Plaintiff's death to the extent that Plaintiff seeks compensatory damages. Plaintiff's claims for punitive damages, however, do not survive her death and are therefore DISMISSED WITH PREJUDICE.

Plaintiff's state law claims survive her death under the Arkansas survivor statute, Ark. Code Ann. § 16-62-101, which provides in relevant part: "For wrongs done to the person or property of another, an action may be maintained against a wrongdoer, and the action may be brought . . . after his or her death by his or her executor or administrator against the wrongdoer . . ."

Therefore, Plaintiff's Motion to Substitute Party (Doc. 19) is hereby GRANTED. Accordingly, Shannon L. Gould, as Special Administrator of the Estate of Sandra Carpenter, is hereby substituted as Plaintiff in the place and stead of Sandra Carpenter. Plaintiff's federal claims under Title VII and the ADEA for compensatory damages, as well as her state law claims, remain set for jury trial the week of April 18, 2011. Plaintiff's federal

claims for punitive damages do not survive her death and are therefore DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 21st day of March 2011.

/s/ Paul K. Holmes, III
Paul K. Holmes, III
United States District Judge